**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| JOSHUA MICHAEL CHEROK,<br><br>Plaintiff,<br><br>v.<br><br>LEXISNEXIS RISK SOLUTIONS, INC.,<br>Defendant. | Case No.<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Joshua Michael Cherok ("Plaintiff") brings this action on an individual basis, against LexisNexis Risk Solutions Inc. ("Defendant") for actual, statutory, and punitive damages and costs, and attorney's fees, for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et. seq.*, arising out of Defendant's mixing Plaintiff's credit file with another consumer.

**PARTIES**

1. Plaintiff is a natural person residing in Willoughby, Ohio, and is a "consumer" as that term is defined in 15 U.S.C. § 1681a(c).

2. Defendant LexisNexis Risk Solutions Inc. is a Delaware corporation doing business throughout the United States, including the State of Ohio and in this

District, and has a principal place of business located at 1000 Alderman Drive, Alpharetta, Georgia 30005. Defendant can be served through its registered agent C T Corporation System, located at 289 S Culver Street, Lawrenceville, Georgia 300046-4805.

3. Defendant is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f). Defendant is in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports to third parties.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## FACTS

### Plaintiff's Automobile Insurance Increases Significantly and Plaintiff Applies for Insurance Quotes with Other Insurers

6. For years, Plaintiff maintained automobile insurance at a monthly premium of less than $100.

7. In or around 2022, Plaintiff briefly relocated to Texas and changed automobile insurance carriers. After the change, Plaintiff's monthly automobile

insurance premium increased substantially, to approximately $200.

8. At the time, Plaintiff believed that the increase was attributable to his relocation to Texas and the resulting change in insurance carriers.

9. As a result, Plaintiff continued paying substantially higher automobile insurance premiums for approximately the next two years without investigating the reason for the increase.

10. Between June and July 2026, Plaintiff applied for automobile insurance quotes (each an "Insurance Application," and collectively, the "Insurance Applications") with GEICO, Liberty Mutual, Progressive, and State Farm (each an "Insurance Company," and collectively, the "Insurance Companies").

11. To determine his eligibility, the Insurance Companies needed his consumer files. Plaintiff provided the Insurance Companies with his personal identification information and authorized each Insurance Company to obtain copies of his consumer files.

12. On or about June 23, 2026, while State Farm was evaluating Plaintiff's application for automobile insurance, the State Farm representative informed Plaintiff that Defendant was reporting an individual named "Joshua Pacheco," with a Texas driver's license in his credit file.

13. The State Farm representative further advised Plaintiff that the

insurance information and accidents associated with “Joshua Pacheco” which Defendant reported, appeared to be the cause of the substantial increase in Plaintiff’s automobile insurance premium.

14. The State Farm representative thereafter provided Plaintiff with a LexisNexis Loss History Report reflecting the insurance information being associated with Plaintiff and instructed Plaintiff to dispute the information directly with Defendant.

**Plaintiff’s Mixed Files as of June 2026**

15. Upon reviewing the Loss History Report, Plaintiff was bewildered by the appearance of multiple insurance claims, policies, vehicles, and other information that did not belong to him at all (collectively, the “Mixed Information”).

16. Specifically, the Loss History Report identified multiple losses associated with “Joshua Pacheco” and other unrelated individuals, including the following:

(a) May 12, 2025 — Policyholder: Joshua Pacheco; Driver: Joshua Pacheco; 2023 Toyota Corolla; Total Paid: $996.00

(b) September 9, 2023 — Policyholder: Sylvia M. Griffin; Driver: Joshua Pacheco; 1996 Honda Civic; Total Paid: $8,537.00;

(c) July 17, 2023 — Policyholder: Joshua Pacheco A.; Driver: Sylvia Griffin; 2023 Mitsubishi Outlander; Total Paid: $55,248.00;

(d) May 13, 2023 — Policyholder: Joshua Pacheco A.; Driver: Unknown; 1998 Toyota Camry; and

(e) June 30, 2021 — Policyholder: Joshua Pacheco A.; Driver: Joshua Pacheco A.; 2015 Kia Optima; Total Paid: $11,512.00.

17. Plaintiff had never been involved in those accidents, never owned the vehicles identified therein, and does not know Joshua Pacheco or any other individual identified in the Loss History Report.

18. The Loss History Report also reflected Plaintiff's own legitimate insurance history together with the unrelated losses, causing Plaintiff to realize that Defendant had mixed another consumer's insurance history with his insurance history.

19. By reporting the aforementioned records on Plaintiff’s consumer report, Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information contained within Plaintiff’s credit files and consumer reports, in violation of 15 U.S.C. § 1681e(b).

**Plaintiff’s June 2026 Dispute to Defendant**

20. On or about June 23, 2026, Plaintiff called Defendant and disputed the inaccurate information on his consumer report.

21. Specifically, Plaintiff disputed automobile insurance claims, policy information, and other identifying information belonging to Joshua Pacheco and

other individuals which appeared on his consumer file.

22. Plaintiff asked Defendant to investigate the disputed information and to remove the inaccurate information from his consumer file.

23. On or about July 17, 2026, Defendant issued a written response to Plaintiff claiming that it had completed its reinvestigation of Plaintiff's dispute.

24. Defendant concluded that the disputed Automobile Insurance Claim Records and Insurance Policy Records were accurate and would remain associated with Plaintiff's consumer file.

25. Five days later, on or about July 22, 2026, Defendant issued an additional response.

26. In its response Defendant advised Plaintiff that certain Automobile Insurance Claim Records sourced from Permanent General Companies and Progressive Insurance had been removed from Plaintiff's consumer files.

27. Defendant nevertheless concluded that other disputed records were accurate and would remain in Plaintiff's file, including Insurance Policy Records sourced from Allstate Insurance and Bristol West/Farmers Insurance.

28. Thus, although Defendant removed certain disputed records following Plaintiff's dispute, Defendant continued to maintain and report other information that did not belong to Plaintiff.

29. Specifically, Defendant continued to associate Plaintiff with insurance information identifying Joshua Pacheco as the policyholder, the driver, or both, including insurance policy records and an automobile insurance claim that belonged to Joshua Pacheco rather than Plaintiff. Defendant also continued to maintain personal identifying information associated with Joshua Pacheco in Plaintiff's consumer file.

30. Among the inaccurate information that remained was an Automobile Insurance Claim, Claim No. 0797469566, arising from a May 12, 2025 loss involving a 2023 Toyota Corolla, which identified Joshua Pacheco as both the policyholder and driver. The claim did not belong to Plaintiff.

31. Defendant continued to associate inaccurate information belonging to Joshua Pacheco with Plaintiff's consumer file.

32. Defendant failed to conduct a reasonable investigation of Plaintiff's June 2026 dispute, and instead continued to record the current status of the disputed information, in violation of 15 U.S.C. § 1681i(a)(1)(A).

33. Thereafter, and upon information and belief, Defendant failed to unmix Plaintiff's credit file from that of the other consumer and Defendant likely continued to report the other consumer's information to Plaintiff's credit file.

34. As a result of Defendant's conduct, action, and inaction, Plaintiff

suffered damages including but not limited to, higher automobile insurance costs, the loss of his right to keep his private financial information confidential; the loss of his right to information about who was viewing his private financial information and how his private financial information was improperly implicated in the credit applications of another; damage by loss of credit; loss of ability to purchase and benefit from his good credit rating; detriment to his credit rating; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; the expenditure of labor and effort disputing and trying to correct the inaccurate credit reporting; and emotional distress including the mental and emotional pain, anguish, humiliation, and embarrassment of having another consumer's personally identifying information and insurance information mixed into Plaintiff's credit file.

35. Even after Defendant's July 2026 reinvestigations, Plaintiff continued seeking more affordable automobile insurance and obtained an additional quote from GEICO reflecting a six-month premium of approximately $1,355, further demonstrating that Plaintiff continued to incur elevated insurance costs after discovering Defendant's inaccurate reporting.

## CLAIMS FOR RELIEF

### COUNT I
### 15 U.S.C. § 1681e(b)
### Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy

36. Plaintiff re-alleges and incorporates by reference the allegations set forth in preceding paragraphs as if fully stated herein.

37. The FCRA imposes a duty on consumer reporting agencies to devise and implement procedures to ensure the "maximum possible accuracy" of consumer reports, as follows:

> Whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure ***maximum possible accuracy*** of the information concerning the individual about whom the report relates.

15 U.S.C. §1681e(b) (emphasis added).

38. On at least one occasion, Defendant prepared patently false consumer reports concerning Plaintiff.

39. Defendant mixed another consumer's personal identifying information, insurance policies, and automobile insurance claims into Plaintiff's consumer file, thereby falsely portraying Plaintiff as having insurance history and losses that did not belong to him.

40. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to

follow reasonable procedures to assure maximum possible accuracy of the credit information it published and maintained concerning Plaintiff.

41. As a result of Defendant's conduct, action, and inaction, Plaintiff suffered damages including but not limited to, higher automobile insurance costs, the loss of his right to keep his private financial information confidential; the loss of his right to information about who was viewing his private financial information and how his private financial information was improperly implicated in the credit applications of another; damage by loss of credit; loss of ability to purchase and benefit from his good credit rating; detriment to his credit rating; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; the expenditure of labor and effort disputing and trying to correct the inaccurate credit reporting; and emotional distress including the mental and emotional pain, anguish, humiliation, and embarrassment of having another consumer's personally identifying information and insurance information mixed into Plaintiff's credit file.

42. Defendant's conduct, actions, and inactions was willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

43. Plaintiff is entitled to recover attorneys' fees and costs from Defendant

in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**COUNT II**
**15 U.S.C. § 1681i**
**Failure to Perform a Reasonable Reinvestigation**

44. Plaintiff re-alleges and incorporates by reference the allegations set forth in preceding paragraphs as if fully stated herein.

45. The FCRA mandates that Defendant conduct a reasonable reinvestigation of the accuracy of information "[i]f the completeness or accuracy of any item of information contained in a consumer's file" is disputed by the consumer. *See* 15 U.S.C. § 1681i(a)(1). The FCRA imposes a 30-day time limit for the completion of such an investigation. *Id*.

46. The FCRA provides that if Defendant conducts its reinvestigation of disputed information and confirms that the information is, in fact, inaccurate or it is unable to otherwise verify the accuracy of the disputed information, it is required to delete the item of information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

47. Plaintiff initiated a dispute with Defendant and disputed inaccurate information it was reporting.

48. Defendant conducted *no* investigation of Plaintiff's disputes, or such

investigations, if any, were so unreasonable as to allow patently false and highly damaging information to remain in Plaintiff's credit file.

49. Defendant violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information, or delete the disputed information, before the end of the 30-day period beginning on the date on which it received notice of Plaintiff's dispute; and by failing to maintain reasonable procedures with which to filter and verify information in Plaintiff's credit files.

50. As a result of Defendant's conduct, action, and inaction, Plaintiff suffered damages including but not limited to, higher automobile insurance costs, the loss of his right to keep his private financial information confidential; the loss of his right to information about who was viewing his private financial information and how his private financial information was improperly implicated in the credit applications of another; damage by loss of credit; loss of ability to purchase and benefit from his good credit rating; detriment to his credit rating; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; the expenditure of labor and effort disputing and trying to correct the inaccurate credit reporting; and emotional distress including the mental and emotional pain, anguish, humiliation, and embarrassment of having another consumer's personally identifying information and

insurance information mixed into Plaintiff's credit file.

51. Defendant's conduct, actions, and inactions was willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

52. Plaintiff is entitled to recover attorneys' fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter a judgment awarding Plaintiff actual damages, statutory damages, punitive damages, and reasonable attorneys' fees and costs, and awarding Plaintiff such other and further relief as the Court may deem appropriate and proper.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

Dated: August 11, 2026

RESPECTFULLY SUBMITTED,

*/s/ Moshe Boroosan*
Moshe Boroosan, GA Bar #744128

CONSUMER ATTORNEYS PLLC
2800 N Druid Hills NE, Building A, Suite D,
Atlanta, GA 30329
T: (718) 874-6960
F: (718) 247-8020
E: mboroosan@consumerattorneys.com

*Attorneys for Plaintiff,*
*Joshua Michael Cherok*